UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
**THURSTON D. GROSS and**
**CHELSEY MORALES,**

                           Plaintiffs,                **COMPLAINT and**
    -against-                                           **JURY DEMAND**

**THE CITY OF ALBANY, ALBANY HOUSING**      Case No. 1:14-CV-0736 (LEK/TWD)
**AUTHORITY, "JOHN DOE" and "JANE DOE",**
**intended to indicate officials and/or officers of the Albany**
**Police Department and/or the Albany Housing Authority**
**who planned and/or assisted in planning and/or**
**implementing the police training exercise that occurred on**
**March 21, 2013, at the Ida Yarbrough apartments and/or**
**were on duty and present on the grounds of the Ida**
**Yarbrough apartments on March 21, 2013 and**
**participated in said training exercise, the number of whom**
**and exact identities are not known**,

                           Defendants.
------------------------------------------------------------------------X

       Plaintiffs, Thurston D. Gross and Chelsey Morales, by their attorneys, Law Office of Mark S. Mishler, P.C., states as their Complaint:

### INTRODUCTION

1. This is a lawsuit to vindicate plaintiffs' rights and to obtain compensation for the violation of their rights resulting from a police tactical training exercise conducted on March 21, 2013, at the Ida Yarbrough public housing complex in Albany, New York, by the City of Albany Police Department and the Albany Housing Authority, which was planned and implemented in a manner that was essentially guaranteed to cause and result in the violation of the rights of residents and guests of residents of the Ida Yarbrough public housing complex, including plaintiffs Thurston D. Gross and Chelsey Morales.

## PARTIES

2. Plaintiff Thurston D. Gross is a citizen of the United States and a resident of the City of Albany. At all times relevant to this complaint Mr. Gross was a resident of the Ida Yarbrough public housing complex in Albany, New York. He is African-American.

3. Plaintiff Chelsey Morales is a citizen of the United States and a resident of the City of Albany. At all times relevant to this Complaint, Ms. Morales was a lawful guest of a resident of the Ida Yarbrough public housing complex in Albany, New York. She is Puerto Rican.

4. Defendant City of Albany ("City") is a municipal corporation under the laws of the State of New York, with its principal place of business being Albany, New York. Defendant City is the employer of all officials, officers and members of the Albany Police Department. At all times relevant to this Complaint, defendant City was acting under color of state law.

5. Defendant Albany Housing Authority ("Housing Authority") is a municipal authority under the laws of the State of New York, with its principal place of business being Albany, New York. Defendant Housing Authority is the employer of all officials and employees of the Housing Authority, including all such officials and/or employees who participated in any manner in the planning, approval and implementation of the police training exercise that occurred on March 21, 2013, at the Ida Yarbrough housing complex. Defendant Housing Authority is, on information and belief, the owner and manager of the Ida Yarbrough housing complex. At all times relevant to this Complaint, defendant Housing Authority was acting under color of state law.

6. Defendants identified in the caption as "John Doe" and "Jane Doe" are intended to indicate and represent all officials and/or officers of the Albany Police Department and/or the Albany Housing Authority who planned and/or assisted in planning and/or implementing the police training exercise that occurred on March 21, 2013, at the Ida Yarbrough public housing complex and/or were on duty and present on the grounds of the Ida Yarbrough public housing complex on March 21, 2013 and participated in said training exercise, the number of whom and exact identities are not known.  Some of the "Doe" defendants are, on information and belief, high-ranking officials and policy-makers of defendant City or defendant Housing Authority. At all times relevant to this Complaint, "John Doe" and "Jane Doe" were employed by and for defendants City and/or Housing Authority, were on-duty, were acting under color of state law, were acting within the scope of their duties and in furtherance of their employer's interests.

7. At all times relevant to this complaint, all defendants acted in concert and were jointly and severally responsible for the harms caused to plaintiffs Gross and Morales.

## VENUE / JURSIDICTION

8. This action is brought pursuant to 42 U.S.C. § 1983 to obtain redress for the violation by defendants of plaintiffs' federally protected constitutional rights.

9. This action also seeks redress pursuant to the supplemental jurisdiction of this Court for common law torts committed by defendants against plaintiffs.

10. Jurisdiction of this action is based on 28 U.S.C. §§ 1331, 1343(a)(3) and 1367.

11. All of the events complained of occurred within the Northern District of New York and, on information and belief, all of the parties reside within the Northern District of New York. Venue, therefore, is proper within the Northern District of New York.

12. On or about June 19, 2013, a date within 90 days of the accrual of the claims herein, plaintiffs each served Notices of Claim on defendants City and Housing Authority.

13. Subsequently, on February 28, 2014, pursuant to notices from counsel for defendants City and Housing Authority, examinations were conducted by said counsel of each plaintiff at hearings held pursuant to NY General Municipal Law 50-h. Said section 50-h hearings were explicitly held in reference to the aforementioned Notices of Claim.

14. More than thirty days have passed since the 50-h hearings were conducted and the claims herein have not been settled or adjusted.

**FACTS**

15. On information and belief, prior to March 21, 2013, certain officials and officers of defendant City and defendant Housing Authority, including some of the "John Doe" and "Jane Doe" defendants, including high ranking officials and policy-makers of defendant City and defendant Housing Authority, decided to hold a police tactical training exercise on March 21, 2013, on the grounds of the Ida Yarbrough public housing complex in Albany, New York.

16. On information and belief, said officials and officers engaged in a planning process prior to March 21, 2013, regarding all aspects of the planned police tactical training exercise, a process that included discussions and decisions relating to the precise locations where the exercise would take place, the time said exercise would occur, and plans relating to the use of weapons, tear-gas or some similar type of aerosol irritant, explosive charges, mock blood, the use of police radios to transmit information during the exercise, and the planned presence and actions of numerous police officers including many dressed and outfitted as members of a heavily armed tactical police unit.

17. On information and belief, said officials and officers planned to conduct the tactical police training exercise in a location in very close proximity to occupied residences in the Ida Yarbrough housing complex.

18. On information and belief, said officials and officers failed to engage in any advance notification to the residents of Ida Yarbrough of the fact that the planned tactical police training exercise was going to occur or of the specific nature of the actions that would occur during the training exercise or of the limitations, if any, that would be imposed on residents and guests of the Ida Yarbrough housing complex during said training exercise.

19. All residents of the Ida Yarbrough public housing complex must meet strict income eligibility requirements in order to be accepted as tenants in the public housing complex.

20. The purpose of these income eligibility requirements is to ensure that all of the residents of the Ida Yarbrough housing complex are low-income individuals and families.

21. On information and belief, as a result of the income eligibility requirements, it is the case that all of the residents of the Ida Yarbrough housing complex are low income individuals and families.

22. On information and belief, the overwhelming majority of the residents of the Ida Yarbrough housing complex are African-American or Latino.

23. On March 21, 2013, during the time period when the police tactical training exercise was being conducted, plaintiff Thurston D. Gross was lawfully present on the grounds of the Ida Yarbrough public housing complex.

24. On March 21, 2013, during the time period when the police tactical training exercise was being conducted, plaintiff Chelsey Morales was lawfully present on the grounds of the Ida Yarbrough public housing complex.

25. At the above-stated place, date and time, in close proximity to plaintiff Gross's residence and to the residence where plaintiff Morales was a guest, defendants City and Housing Authority engaged in the tactical police training exercise on the grounds of Ida Yarbrough that had been planned by the aforementioned officials and officers of the defendants.

26. This training exercise involved on-duty, uniformed, and armed members of the Albany Police Department, including some of the "John Doe" and "Jane Doe" defendants, dressed and outfitted as a tactical police unit who, among other actions, exploded explosive charges, shot ammunition with firearms, used tear-gas or some similar type of aerosol irritant, used mock blood, violently entered a vacant apartment at 153 Ida Yarbrough, yelled and made other loud noises, used police radios to transmit information about what they were doing, and acted out a training scenario involving an alleged hostage situation inside the vacant apartment.

27. In addition to the police officers directly engaged in acting out the training scenario, there were other on-duty, uniformed, armed, Albany police officers, also including some of the "John Doe" and "Jane Doe" defendants, present in and around the area of the training exercise.

28. Among the results of defendants' actions during the police training exercise was that the area in the vicinity of the training exercise was splattered with mock blood, smelled of tear gas or some similar chemical irritant, and was littered for weeks with shell casings.

29. Many children live near the location of the training exercise and were exposed to shell casings and apparent blood stains on the ground for a period of weeks after the training exercise.

30. While the Albany police were engaged in the training exercise, the Albany police, including some of the "John Doe" and "Jane Doe" defendants, without legal justification or privilege, limited and controlled plaintiff Gross in his movements and in his liberty in the area near his home.

31. Plaintiff Gross was prevented by said on-duty, uniformed, armed police officer(s) from entering a parking lot area at Ida Yarbrough in close proximity to his home.

32. Plaintiff Gross had a right to enter said parking lot at that time.

33. Plaintiff Gross was then prevented by said on-duty, uniformed, armed police officer(s) from visiting a friend's home within the Ida Yarbrough public housing complex and was angrily threatened by one of the "John Doe" and "Jane Doe" defendant officers, an on-duty, uniformed, armed police officer with being arrested if he continued attempting visit his friend's home.

34. The friend's residence was not within the area which had been taped-off by the police relating to the training exercise.

35. Plaintiff Gross had a right to freely visit his friend's home at that time.

36. Plaintiff Gross had a right to associate with his friend at that time.

37. While the Albany police were engaged in the training exercise, the Albany police, including some of the "John Doe" and "Jane Doe" defendants, without legal justification or privilege, limited and controlled plaintiff Morales in her movements and in her liberty in and around the home at Ida Yarbrough in which she was a guest.

38. Plaintiff Morales was prevented by said on-duty, uniformed, armed police officer(s) from leaving the home in which she was a guest.

39. Plaintiff Morales had a right to visit her friend's home as a guest and had a right to freely come and go to the home in which she was a guest in Ida Yarbrough.

40  Plaintiff Morales was angrily threatened by one of the "John Doe" and "Jane Doe" defendant officers, an on-duty, uniformed, armed police officer with being arrested if she continued attempting leave the residence in which she was a guest.

41. The residence in which plaintiff Morales was a guest was not within the area which had been taped -off by the police relating to the training exercise.

42. Plaintiff Morales was prevented by said police officer(s) from associating with a friend who wished to visit her but who was prevented from doing so by the angry and threatening conduct of the on-duty, armed police officer(s).

43. Plaintiff Morales was confined by said police against her will within the residence at Ida Yarbrough in which she was a guest.

44. Said confinement was without any legal basis or privilege on the part of said Albany police officer(s).

45. While unlawfully confined within the residence, plaintiff Morales was exposed by the police actions to overhearing police radio transmissions which initially led her to believe there was an actual hostage situation unfolding a short distance away and was further exposed to hearing the frightening sounds of the police training exercise.

46. Neither plaintiff Gross nor plaintiff Morales had received or been provided with any advanced notice that a police tactical training exercise was going to occur at that date, place and time, nor that their movements in and around the immediate vicinity of their homes or the home in which they were guests would be limited by the police at that time.

47. The actions of the police, defendant City, defendant Housing Authority, and of the "John Doe" and Jane Doe" defendants, as described above were not based to any extent on any allegation or belief on the part of defendant City, defendant Housing Authority or of the "John Doe" and Jane Doe" defendants that plaintiff Gross, plaintiff Morales or any other resident or guest of a resident at Ida Yarbrough had engaged in any unlawful or suspicious or improper conduct.

48. On information and belief, the actions of the police, defendant City, defendant Housing Authority and of the "John Doe" and Jane Doe" defendants as described above resulted from bias against the residents and guests of the Ida Yarbrough housing complex based on the race, national background, ethnicity, and/or economic status of the majority of the residents of Ida Yarbrough.

49. The actions of the police, defendant City, defendant Housing Authority and of the "John Doe" and Jane Doe" defendants as described above were intentional.

50. The actions of the police, defendant City, defendant Housing Authority and of the "John Doe" and Jane Doe" defendants as described above constituted a violation of plaintiffs' clearly established constitutionally protected rights, including the right to be free from unreasonable and unlawful seizures by law enforcement officers, the right to be freely move, the right to freely associate, the right to liberty, the right to due process, and the right to equal protection of the law.

51. Said actions were willful and wanton and were undertaken in callous disregard for plaintiffs' rights under state and federal law.

52. Said actions, as they were planned and implemented by defendant high-ranking officials, officers and policy-makers of defendant City and defendant Housing Authority constituted official policy of defendant City and defendant Housing Authority and it was foreseeable that such policies would result in the deprivation of the rights of persons who encountered the police tactical training exercise on March 21, 2013.

53. Said actions were scary, intimidating, hostile and antagonistic to plaintiffs.

54. Said actions directly and proximately caused plaintiffs severe emotional pain and suffering as well as other injuries and damages.

**FIRST CAUSE OF ACTION  - Plaintiff Gross and Plaintiff Morales**

**4th amendment - seizure**

55. Paragraphs 1 through 54 are re-alleged as if fully set forth herein.

56. Defendants, individually and in concert with each other, and acting under color of state law, violated plaintiff Gross' and plaintiff Morales' rights protected by the 4th and 14th amendments to the U.S. constitution to be free from unlawful and unreasonable seizures by law enforcement officers and are liable to plaintiffs for the injuries caused by said actions.

**SECOND CAUSE OF ACTION - Plaintiff Gross and Plaintiff Morales**

**14th amendment - equal protection**

57. Paragraphs 1 through 54 are re-alleged as if fully set forth herein.

58. Defendants, individually and in concert with each other, and acting under color of state law, violated plaintiff Gross' and plaintiff Morales' rights protected by the 14th amendment to the U.S. constitution to equal protection under the law and are liable to plaintiffs for the injuries caused by said actions.

### THIRD CAUSE OF ACTION - Plaintiff Gross and Plaintiff Morales

### 14th amendment - due process

59. Paragraphs 1 through 54 are re-alleged as if fully set forth herein.

60. Defendants, individually and in concert with each other, and acting under color of state law, violated plaintiff Gross' and plaintiff Morales' rights protected by the 14th amendment to the U.S. constitution not to be deprived of liberty without due process of law and are liable to plaintiffs for the injuries caused by said actions.

### FOURTH CAUSE OF ACTION - Plaintiff Gross and Plaintiff Morales

### 1st and 14th amendments - freedom of association

61. Paragraphs 1 through 54 are re-alleged as if fully set forth herein.

62. Defendants, individually and in concert with each other, and acting under color of state law, violated plaintiff Gross' and plaintiff Morales' rights protected by the 1st and 14th amendments to the U.S. constitution to freedom of association and are liable to plaintiffs for the injuries caused by said actions.

### FIFTH CAUSE OF ACTION - Plaintiff Gross and Plaintiff Morales

### unlawful imprisonment

63. Paragraphs 1 through 54 are re-alleged as if fully set forth herein.

64. Defendants, individually and in concert, committed the common law tort of unlawful imprisonment against plaintiff Gross and against plaintiff Morales and are liable to plaintiffs for the injuries caused by their actions.

### SIXTH CAUSE OF ACTION - Plaintiff Gross and Plaintiff Morales

### negligence

65. Paragraphs 1 through 54 are re-alleged as if fully set forth herein.

66. On information and belief, the injuries and damages incurred by plaintiffs Gross and Morales were also, or were in the alternative, the result of and proximately caused by negligence on the part of defendant City and/or defendant Housing Authority in regard to their legal duty to properly train, supervise and discipline officers and officials of the City of Albany and the Albany Housing Authority and their failure to properly plan and supervise training exercises conducted by the City of Albany and/or the Albany Housing Authority which negligence included, but is not limited to, their separate and joint failures prior to March 21, 2013, to have properly trained their employees in regard to the proper and legal grounds and/or procedures for: (1) restraint on the movement of individuals not suspected of having committed any offense, (2) proper procedures regarding conducting police training exercises in the vicinity of occupied residences, (3) proper procedures for providing advanced notification to residents of planned police training exercise, (4) proper use of "tear-gas" or similar types of chemical mixtures designed to cause irritation and/or pain, (5) protection of constitutional rights of citizens, and other matters.

67. It was foreseeable that said negligence would result in deprivation of the rights of persons who encountered the police during the police tactical training exercise on March 21, 2013.

68. Defendants are liable to plaintiffs for the injuries caused by defendants' negligence.

**WHEREFORE**, plaintiffs each respectfully demands compensatory damages in the amount of $100.000.00, punitive damages as against the individual defendants in the amount of $100,000.00, the costs of this action, attorneys' fees pursuant to 42 USC §1988 and such other and further relief as the Court deems just and proper.

**Please take further notice that plaintiffs hereby demand a jury trial.**

Dated: June 18, 2014

        Respectfully submitted,

        ___/S/_____
        Mark S. Mishler, Esq.
        Bar roll # 102213
        Law Office of Mark S. Mishler, P.C.
        Attorneys for Plaintiffs
        750 Broadway
        Albany, NY 12207
        (518) 462-6753   fax:(518) 432-7325 (not for service of papers)
        mishlerlaw@gmail.com